IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES W. RUTTER,                )<br>                                                          )<br>    Plaintiff,                              )<br>                                                          )         Civil Action File<br>v.                                                      )         No. 1:11-cv-3691-RLV<br>                                                          )<br>ROBERT K. ABBOTT, JR., PARRI )<br>S. ABBOTT, ABBOTT & ABBOTT, )<br>P.C., STACY K. RUTTER,            )<br>RICHARD M. HENSEL, JANET E. )<br>HENSEL, JEANNE D. WOODS,     )<br>HUFF & WOODS, P.C., ANTHONY )<br>C. LEVITAS, BEHAVIORAL         )<br>INSTITUTE OF ATLANTA, LLC,   )<br>and SOLID GOLD PROTECTION  )<br>SERVICE, INC.,                            )<br>                                                          )<br>    Defendant.                          ) | |

## **DEFENDANT ANTHONY C. LEVITAS' INITIAL DISCLOSURES**

COMES NOW Anthony C. Levitas, Defendant in the above-captioned civil action, and hereby serves his initial disclosures pursuant to the Local Rules of the Northern District of Georgia and Fed. R. Civ. P. 26(a)(1) as follows:

**(1)   If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

Anthony C. Levitas is properly identified.

**(2)** **Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant is not aware of any necessary parties to this action who have not been named at this time.

**(3)** **Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant denies all claims alleged in Plaintiff's Complaint. On or about August 23, 2010, Dr. Levitas was retained by Stacy Rutter to counsel her three minor children. On or about November 1, 2010, Stacy Rutter showed Dr. Levitas four (4) recording depicting Charles Rutter with the Rutter children. Dr. Levitas had no involvement in the procurement of the recordings. Dr. Levitas has never made a recording of Mr. Rutter, nor has he ever asked anyone to do so on his or any other person's behalf.. He had no knowledge of the recordings at the time of their procurement, and he did not encourage, request, or arrange for any recordings to be made. Dr. Levitas never stepped foot on the Rutters' property or in their residence, nor did he request that anyone do so on his or any other persons' behalf. Dr. Levitas never

witnessed nor was aware of any real-time video or real-time audio of Mr. Rutter.  He never had possession of the recordings. He never copied, published or distributed the recordings, nor did he ever make the recordings available to any person or entity.  Mrs. Rutter did not tell Dr. Levitas why, when, or how the recordings were procured and Dr. Levitas did not ask Mrs. Rutter why, when, or how the recordings were procured.  On December 6, 2010, Mr. Rutter's psychologist, Dr. William Moon, signed an affidavit for use in the Rutter litigation regarding his review of the recordings, their content and his opinions related thereto. Dr. Moon's affidavit was filed with the court on January 13, 2011. Legal counsel for Mrs. Rutter asked Dr. Levitas to submit an affidavit regarding his opinions for use in the Rutters' divorce proceedings. Dr. Levitas signed his affidavit on March 12, 2011 and it was filed on March 14, 2011. Dr. Levitas' affidavit includes Dr. Levitas' professional opinion about the best interests of the Rutter children and his professional opinion about and general description of Mr. Rutter's behavior with the Rutter children as depicted in the recordings. Dr. Levitas did not disclose any actual video content to the court or to any person or entity at any time. In

providing the affidavit, Dr. Levitas acted upon what he believed to be a professional, moral, and legal duty. The contents of Dr. Levitas' affidavit are true and accurate. Dr. Levitas' testimony as set forth therein does not portray Mr. Rutter's behavior as anything other than what it was. As Dr. Levitas had no knowledge of the plan to or procurement of recordings prior to Mrs. Rutter presenting them to him, Dr. Levitas could not have conspired with co-defendants. Dr. Levitas' actions were not reckless. Dr. Rutter did not intend to cause emotional harm to Mr. Rutter and Mr. Rutter did not suffer any emotional distress, let alone extreme emotional distress as a result of Dr. Levitas' actions. Mr. Rutter was not physically impacted by any alleged emotional distress. Dr. Levitas and his counsel has not acted in bad faith or been stubbornly litigous.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

(a) Invasion of privacy under 18 U.S.C. §§ 2510, *et seq.* and cases construing same, including but not limited to: Tapley v. Collins, 211 F.3d 1210, 1213 (11th Cir. 2000) and Conner v. Tate, 130 F. Supp. 2d 1370, 1377 (N.D. Ga. 2001).

(b) Intrusion upon seclusion, solitude, and private affairs, under Georgia common law and cases construing the same, including but not limited to: <u>Benedict v. State Farm Bank, FSB</u>, 309 Ga. App. 133, 135 (2011) and <u>Summers v. Bailey</u>, 55 F.3d 1564, 1566 (11th Cir. 1995).

(c) Public disclosure of private facts, under Georgia common law and cases construing the same, including but limited to: <u>Williams v. Coffee County Bank</u>, 168 Ga. App. 149, 149 (1983), <u>Garner v. Roberts</u>, 238 Ga. App. 738, 740 (1990), <u>Cleveland v. Williamson</u>, 194 Ga. App. 476, 477 (1990), <u>Williams v. Stepler</u>, 227 Ga. App. 591, 595 (1997), <u>Vito v. Paley</u>, 269 Ga. App. 547, 549 (2004), <u>Cox Communications, Inc. v. Lowe</u>, 173 Ga. App. 812, 814 (1985), <u>Shiver v. Valdosta Press</u>, 82 Ga. App. 406, 413 (1950), and <u>Haughton v. Canning</u>, 287 Ga. App. 28, 31 (2007).

(d) Placement in false light in the public eye, under Georgia common law and cases construing the same, including but limited to: <u>Cabaniss v. Hipsley</u>, 114 Ga. App. 367, 375 (1966), and <u>Brown v. Capricorn Records, Inc.</u>, 136 Ga. App. 818, 819 (1975).

(e) Invasion of privacy under O.C.G.A. § 16-11-62;

(f) Conspiracy to commit the counts alleged in (a) through (e) above and cases construing the same, including but limited to: <u>Crowe v. Lucas</u>, 595 F.2d 985, 993 (5th Cir. 1979), <u>Association Servs. v. Smith</u>, 249 Ga. App. 629, 634-635 (2001), and <u>Cook v. Robinson</u>, 216 Ga. 328, 328-29 (1960);

(g) Intentional infliction of emotional distress, under Georgia common law and cases construing the same, including but limited to: <u>Walker v. Walker</u>, 293 Ga. App. 872, 874 (2008), <u>Hendrix v. Phillips</u>, 207 Ga. App. 394, 395 (1993), <u>MARTA v. Mosley</u>, 280 Ga. App. 486, 491 (2006), and <u>Ashman v. Marshall's of MA, Inc.</u>, 244 Ga. App. 228, 229 (2000).

(h) Negligent infliction of emotional distress, under Georgia common law and cases construing the same, including but limited to: <u>Clarke v. Freeman</u>, 302 Ga. App. 831, 836 (2010).

(i) Attorney's fees and litigation costs pursuant to O.C.G.A. § 13-6-11 and cases construing the same, including but limited to: <u>Morris v. Pugmire Lincoln Mercury, Inc.</u>, 641 S.E.2d 222, 241 (2007).

(j) Punitive damages pursuant to O.C.G.A. § 51-12-5.1 and cases construing the same, including but limited to: <u>Golden Atlanta Site Dev., Inc. v. Tilson</u>, 299 Ga. App. 646, 653 (2009).

(k) O.C.G.A. § 9-11-11.1 and cases construing the same.

(l) O.C.G.A. § 51-5-7 and cases construing the same.

(m) O.C.G.A. § 51-5-8 and cases construing the same.

(n) O.C.G.A. § 16-11-62 and cases construing the same.

(o) O.C.G.A. § 16-11-66 and cases construing the same.

(p) O.C.G.A. § 16-11-67 and cases construing the same.

(q) First Amendment, The United States Constitution, and cases construing the same.

Defendant reserves the right to supplement his initial disclosures when additional statutes, legal principles, standards and illustrative case law are identified.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of information.**

<u>See</u> Attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.**

       **26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

       <u>See</u> Attachment B.

**(7)**    **Provide a copy of, or description by category and location of all documents, data compilations, and tangible things in your possession, custody or control that you may wish to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

       <u>See</u> Attachment C.

**(8)**    **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection or copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

       At this time, this Defendant is not claiming any damages.

**(9)**    **If defendant contends that some other person or legal entity is, in whole or in part, liable to plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

       Defendant does not presently contend that any person or legal entity is, in whole or in part, liable to Plaintiff in this, the earliest stage of litigation. Defendant, however, reserves the right to supplement his initial disclosures should facts demonstrate otherwise.

**(10)** **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>See</u> Attachment E.

Respectfully submitted this 21st day of December, 2011.

                                                THE WEATHINGTON FIRM, P.C.

                                                /s/Amy M. Hoffman
                                                Paul E. Weathington
                                                Georgia Bar No. 743120
                                                pweathington@weathingtonfirm.com
                                                Amy M. Hoffman
                                                Georgia Bar No. 359606
                                                ahoffman@weathingtonfirm.com

| | |
|---|---|
| 191 Peachtree Street, N.E., Suite 3900<br>Atlanta, Georgia 30303<br>Phone: (404) 524-1600<br>Fax: (404) 524-1610 | Attorneys for Anthony C. Levitas and Behavioral Institute of Atlanta, LLC |

CERTIFICATE OF SERVICE

This is to certify that on the date set forth below, I electronically filed DEFENDANT ANTHONY C. LEVITAS' INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Benjamin Frederick Windham, Esq.
WINDHAM & ASSOCIATES, P.C.
239 Village Center Parkway
Suite 170
Stockbridge, GA 30281

Bret Moore, Esq.
BRET S. MOORE, ATTORNEY AT LAW, LLC
5447 Roswell Road
Suite 302
Atlanta, GA 30342

Michelle Ritz Jones, Esq.
CARLOCK COPELAND & STAIR, LLP
191 Peachtree Street, NE
Suite 3600
Atlanta, GA 30303

William Curtis Anderson, Esq.
DOWNEY & CLEVELAND
288 Washington Avenue
Marietta, GA 30060

Thomas O. Sippel, Esq.
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
500 Colonial Center Parkway
Suite 625
Roswell, GA 30076

Emory Livingston Palmer, Esq.
CARR TABB & POPE
4200 Northside Parkway, NW
10 North Parkway Square
Atlanta, GA 30327

Douglas G. Smith, Jr., Esq.
Hall F. McKinley, III, Esq.
DREW ECKL & FARNHAM
P.O. Box 7600
880 West Peachtree Street, NW
Atlanta, GA 30357

This 21st day of December, 2011.

                              THE WEATHINGTON FIRM, P.C.

                              /s/Amy M. Hoffman
                              Paul E. Weathington
                              Georgia Bar No. 743120
                              pweathington@weathingtonfirm.com
                              Amy M. Hoffman
                              Georgia Bar No. 359606
                              ahoffman@weathingtonfirm.com

191 Peachtree Street, N.E.,        Attorneys for Anthony C. Levitas and
Suite 3900                                  Behavioral Institute of Atlanta, LLC
Atlanta, Georgia 30303
Phone: (404) 524-1600
Fax: (404) 524-1610

# ATTACHMENT A
# Witness List

1. Anthony C. Levitas
2. Stacy Rutter
3. Charles Rutter
4. William Moon, Ph.D.


Defendant reserves the right to amend this attachment as discovery progresses.

## ATTACHMENT B
### Expert Witness(es)

Defendant reserves the right to designate witnesses to testify as to expert opinions consistent with Fed. R. Civ. Pro. 702, 703 and 705 pursuant to the Rules of this Court and the Federal Rules of Civil Procedure.  For all experts described in Fed. R. Civ. Pro. 26(a)(2)(B), this Defendant will supplement its response to provide a separate written report satisfying the provisions of that rule.

# ATTACHMENT C
# DOCUMENTS AND TANGIBLE THINGS

1. Affidavit of Anthony C. Levitas, Psy.D. filed in <u>Rutter v. Rutter</u>, Cherokee County Superior Court, Case No. 10-CV-879-FM.

2. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Cherokee County Superior Court, Case No. 10-CV-879-FM.

3. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Georgia Court of Appeals Case No. A11I0297.

4. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Georgia Court of Appeals Case No. A12A0661.

5. Affidavit of William Moon, Ph.D.

Defendant reserves the right to amend this attachment as discovery progresses.

## ATTACHMENT D
## DAMAGES

Defendant reserves the right to amend this attachment as discovery progresses.

## ATTACHMENT E
## INSURANCE AGREEMENT

Defendant is insured by Darwin National Assurance Company Policy Number 5011-8696. Policy Period: 08/01/11 – 08/01/12. Declarations page attached hereto.

DARWIN NATIONAL ASSURANCE COMPANY
8/11/11 - Q    Psychologists' Professional Liability Policy
**THIS IS A CLAIMS MADE POLICY - PLEASE READ CAREFULLY**

*** RENEWAL ***

NOTICE: A LOWER LIMIT OF LIABILITY APPLIES TO JUDGMENTS OR SETTLEMENTS WHEN THERE ARE ALLEGATIONS OF SEXUAL MISCONDUCT (SEE THE SPECIAL PROVISION "SEXUAL MISCONDUCT" IN THE POLICY).

## DECLARATIONS

POLICY NO:  5011-8696                            ACCOUNT NO:   GA-BEHA555-0    0021852C
ITEM 1. (a) NAME AND ADDRESS OF INSURED:         ITEM 1. (b) ADDITIONAL NAMED INSUREDS:

BEHAVIORAL INSTITUTE OF                          STEPHEN W. GARBER, PH.D.
ATLANTA, LLC                                     SHARON WEXLER, M.S.W
CENTURY SPR. W #103                              PAMELA G. DORSETT, PH.D.
6000 LAKE FORREST DR                             J. FRANK BATKINS, PH.D.
ATLANTA, GA 30328                                BETH M. SEIDEL, PSY.D
                                                 CAROLINE SHERRILL, PH.D.
                                                 MARY HELEN HUNT, PH.D
                                                 ANTHONY LEVITAS, PSY.D.
                                                 AMY E. WILSON, PH.D.

TYPE OF ORG:   LLC

ITEM 2.   ADDITIONAL INSUREDS:

ITEM 3.   POLICY PERIOD:    FROM: 08/01/11    TO: 08/01/12
          12:01A.M. STANDARD TIME AT THE ADDRESS OF THE INSURED AS STATED HEREIN:

ITEM 4.   LIMITS OF LIABILITY:
          (a) $ 1,000,000   EACH WRONGFUL ACT OR SERIES OF CONTINUOUS, REPEATED OR INTERRELATED WRONGFUL ACTS OR OCCURRENCE
          (b) $     5,000   COSTS RELATED TO ANY SINGLE PROCEEDING
          (c) $ 3,000,000   AGGREGATE, FOR ALL CLAIMS AND ALL PROCEEDINGS

ITEM 5.   PREMIUM SCHEDULE:

| CLASSIFICATION | NUMBER | RATE | ANNUAL PREMIUM |
|---|---|---|---|
| PSYCHOLOGISTS | 8 | | |
| PARAPROFESSIONALS | 2 | | |
| OTHER PROFESSIONALS | 1 | | |
| INDEPENDENT CONTRACTORS | 5 | | |
| DEFENSE LIMIT | | | |
| LLC CHARGE | 1 | | |

CRED

ITEM 6.   RETROACTIVE DATE: 08/01/92            TOTAL PREMIUM:
ITEM 7.   EXTENDED REPORTING PERIOD
          ADDITIONAL PREMIUM (if exercised):$            SCHEDULED RATING CREDIT INCLUDED
ITEM 8.   POLICY FORMS AND ENDORSEMENTS ATTACHED TO THIS POLICY
PRGE2000 (3/2006) PRGE1075 (1/2006) PRGE1076
1/2006

THIS IS NOT A BILL. PREMIUM HAS BEEN PAID.      AUTHORIZED COMPANY REPRESENTATIVE
PRGE2005 (3/2006)

- 18 -