FILED IN CHAMBERS
U.S.D.C. Rome

DEC 21 2011

JAMES N. HATTEN, Clerk
By: _____
                  Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES W. RUTTER, JR.,

      Plaintiffs,

    v.

ROBERT K. ABBOTT, JR., PARRI
S. ABBOTT, ABBOTT & ABBOTT,
P.C., STACY K. RUTER, RICHARD
M. HENSEL, JANET E. HENSEL,
JEANNE D. WOODS, HUFF AND
WOODS, P.C., ANTHONY C.
LEVITAS, BEHAVIORAL INSTITUTE
OF ATLANTA, LLC, and SOLID
GOLD PROTECTION SERVICE, INC.,

      Defendants.

CIVIL ACTION

NO. 1:11-CV-3691-RLV

## SCHEDULING ORDER

Upon review of the information contained in the
Joint Preliminary Report and Discovery Plan completed
and filed by parties, the court orders that the time
limits for adding parties, amending the pleadings,
filing motions, completing discovery, and discussing
settlement are as set out in the Federal Rules of Civil
Procedure and the Local Rules of this Court , except as
herein modified:

_Four Mos. discovery from 1-1-12; if more required petition_
_court and explain why!_

SO ORDERED, this _21st_ day of December, 2011.

_Robert L. Vining, Jr._
ROBERT L. VINING, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Charles W. Rutter, Jr.,** | |
| Plaintiff, | |
| v. | Civil Action File No. 11-CV-3691 |
| **Robert K. Abbott, Jr., Parri S. Abbott, Abbott & Abbott, P.C., Stacy K. Rutter, Richard M. Hensel, Janet E. Hensel, Jeanne D. Woods, Huff and Woods, P.C., Anthony C. Levitas, Behavioral Institute of Atlanta, LLC, and Solid Gold Protection Service,   Inc.,** | **Joint Preliminary Report and Discovery Plan** |
| Defendants. | |

1. Description of case:

   (a) Describe briefly the nature of this action.

   For Plaintiff: **This case involves statutory and common law claims for invasion of privacy under federal and state law, and**

related claims.

For Robert Abbott, Jr., Parri Abbott, and Abbott & Abbott: **Plaintiff alleges that Abbott & Abbott advised their client Stacy Rutter to install video cameras and microphones in Plaintiff's home in September 2010. Plaintiff complains that Abbott & Abbott published recordings of Plaintiff to unidentified third parties.  Plaintiff failed to state a viable claim against Abbott & Abbott. First, the litigation privilege bars a litigant's claims against opposing counsel. Second, Georgia's anti-SLAPP statute bars claims arising out of the right to free speech and to seek redress. Third, Plaintiff was not placed in a false light. Fourth, Abbott & Abbott cannot conspire with their own client. Finally, Plaintiff cannot recover for negligent infliction of emotional distress without a physical injury.**

For Defendant Stacy Rutter: **To the extent applicable, Defendant Stacy Rutter adopts by reference, the outline of the case as set forth by the other Defendants. Defendant denies the allegations**

of the Plaintiff's Complaint, both as to the allegations of liability and damages.

For Anthony C. Levitas, Psy.D and Behavioral Institute of Atlanta, LLC: **Plaintiff complains that Dr. Levitas and Behavioral Institute participated in the installation of secret recording devices in Plaintiff's home and published the recordings of Plaintiff to unidentified third-parties. Plaintiff alleges these Defendants conspired with each other to record Plaintiff and negligently and intentionally inflicted emotional distress upon Plaintiff and put Plaintiff in a false light. Plaintiff alleges Behavioral Institute of Atlanta is vicariously responsible for the acts of Dr. Levitas. Plaintiff fails to state a claim against these Defendants. Plaintiff's claims are barred by Georgia's anti-SLAPP statute as Plaintiff's claims arise out of the right to free speech and to seek redress. Dr. Levitas did not communicate with any person about recording Plaintiff, therefore, he could not have conspired to record Plaintiff. Dr. Levitas did disclose the content of**

**any recording(s) to any person or entity. Plaintiff was not placed in a false light. Plaintiff has not sustained a physical injury and, therefore, cannot recover for negligent infliction of emotional distress. Plaintiff has not sustained any injury or damages.**

(b) Summarize, in the space below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff's Contention: **Defendants knowingly acted together and violated federal and state wiretapping statutes by placing hidden recording devices within Plaintiff's home, publishing the contents of the recordings to third parties, and using the recordings in the underlying divorce proceeding.**

Defendants' Contention:

For Abbott & Abbott: **Stacy Rutter retained Abbott & Abbott to represent her in a divorce case in Cherokee County ("the divorce case"). Stacy Rutter and Charles Rutter jointly owned the marital home at 100 Greenbrier Way, Canton, Georgia**

("the marital home"). Beginning in May 2010, Stacy Rutter and Charles Rutter alternated twenty-four-hour periods in the marital home with their three children.

Around July 2010, Stacy Rutter became afraid to stay in the marital home at night, so she and the children spent their days in the marital home and nights at the neighbor's house. Abbott & Abbott advised Stacy Rutter to record Charles Rutter and the children in common areas of the marital home. Abbott & Abbott understand that Solid Gold Protection installed cameras and microphones in the family room, baby's room, and kitchen in September 2010. Stacy Rutter monitored the recordings, kept certain recordings of Charles Rutter with their children ("the recordings"), and recorded over other recordings that were not kept.

B. J. Abbott and Stacy Rutter told the guardian ad litem Dianne Woods about the recordings and gave her copies of them on October 27, 2010. Parri Abbott has never seen the

recordings.

Judge Frank Mills of the Superior Court ruled that the video recordings were admissible, and the audio recordings not admissible, in the divorce case. Charles Rutter appealed that ruling to the Supreme Court of Georgia.

Stacy Rutter moved out of the marital home in November 2010, and Abbott & Abbott understand that the cameras and microphones were removed at that time. Abbott & Abbott have not showed the recordings to anyone besides Woods.

For Solid Gold Protection Service, Inc.: Solid Gold was contacted by a Co-Defendant to provide security services at a residence. Solid Gold was informed that Co-Defendant Stacy Rutter was an owner of said residence. Solid Gold had no contact or communications with Plaintiff and did not have a contractual or other relationship with him.

Solid Gold's security services did not include reviewing any audio or visual data that may have been recorded in the

**home and does not know how said data may have been used.**

For Defendant Stacy Rutter:

> **To the extent applicable, Defendant Stacy Rutter adopts by reference the outline of the case as set for the other defendants.  Defendant denies the allegations of the Plaintiff's Complaint.**

For Defendant Jeanne C. Woods and Huff & Woods, P.C. ("Woods Defendants"):

> **Defendant Jeanne Woods was appointed guardian ad litem by the Cherokee Superior Court.  Ms. Woods discharged her duties appropriately and in accordance with the law.  The plaintiff's claims are without merit.**
>
> **Many if not all of the plaintiff's claims fail to state a claim under Federal Rule 12 and all are without merit.  Woods Defendants did not violate any federal or state laws in connection with Ms. Woods' service as guardian.  Throughout her service Ms. Woods acted at all times in accordance with her duties.  Ms.**

**Woods did not conspire with any parties to harm anyone or commit any criminal, negligent or otherwise tortious or unlawful acts and did not breach any contract.**

(c) The legal issues to be tried are as follows:

Plaintiff's Contention: **Whether defendants are liable by a pre-ponderance of the evidence for:**

> **A. invasion of privacy under 18 U.S.C. § 2520;**
>
> **B. conspiracy to invade privacy;**
>
> **C. intrusion on seclusion, solitude, and private affairs;**
>
> **D. conspiracy to intrude on seclusion, solitude, and private affairs;**
>
> **E. public disclosure of embarrassing private facts;**
>
> **F. conspiracy to make public disclosure of embarrassing private facts;**
>
> **G. false light invasion of privacy;**
>
> **H. invasion of privacy under O.C.G.A. § 16-11-62(1);**

I. conspiracy to invade privacy (O.C.G.A. § 16-11-62(1));

J. invasion of privacy under O.C.G.A. § 16-11-62(2);

K. conspiracy to invade privacy (O.C.G.A. § 16-11-62(2));

L. invasion of privacy under O.C.G.A. § 16-11-62(3);

M. conspiracy to invade privacy (O.C.G.A. § 16-11-62(3));

N. invasion of privacy under O.C.G.A. § 16-11-62(6);

O. conspiracy to invade privacy (O.C.G.A. § 16-11-62(6));

P. intentional misrepresentation and fraudulent induce-
   ment to contract;

Q. breach of contract;

R. negligent misrepresentations;

S. stubborn litigiousness;

T. intentional infliction of emotional distress;

U. negligent infliction of emotional distress;

V. false light;

**W. respondeat superior (Abbott & Abbott, P.C.);**

**X. respondeat superior (Huff & Woods, P.C.);**

**Y. respondeat superior (Behavioral Institute of Atlanta, LLC);**

**Z. punitive damages.**

Defendants' Contentions:

For Abbott & Abbott:

**1.  Whether Plaintiff states a claim.**

**2.  Whether Plaintiff was placed in a false light.**

**3.  Whether Abbott & Abbott conspired with other Defendants.**

**4.  Whether the recordings were made in a private place.**

**5.  Whether Abbott & Abbott's conduct was intentional or outrageous.**

For Richard and Janet Hensel:

**Whether they may be liable, as a matter of law or fact, for the allegations raised in plaintiff's Complaint.**

For Anthony C. Levitas, Psy.D and Behavioral Institute of Atlanta, LLC:

i. **Whether Plaintiff states a claim;**

ii. **Whether Dr. Levitas invaded Plaintiff's privacy;**

iii. **Whether Dr. Levitas conspired with Defendants;**

iv. **Whether Dr. Levitas intruded on Plaintiff's seclusion;**

v. **Whether Dr. Levitas made any public disclosure of embarrassing private facts about Plaintiff;**

vi. **Whether Dr. Levitas invaded Plaintiff's privacy;**

vii. **Whether Dr. Levitas/Behavioral Institute have been stubbornly litigious;**

viii. **Whether Dr. Levitas' behavior was intentional and caused emotional distress;**

ix. **Whether Dr. Levitas' behavior was negligent and caused**

physical harm to Plaintiff;

x. Whether Plaintiff was placed in a false light;

xi. Whether Dr. Levitas' actions subject him to punitive damages;

xii.    Whether Behavioral Institute is vicariously liable for the alleged actions of Dr. Levitas.

For Solid Gold Protection Service, Inc.:

Whether Solid Gold is liable for the allegations set forth in Plaintiff's Complaint, including:

Whether certain counts of Plaintiff's Complaint fail to state a claim.

Whether applicable statutes of limitations bars certain claims Plaintiff asserted against this Defendant.

Whether Solid Gold performed its duties and responsibilities lawfully and breached no duty owed to Plaintiff.

Whether Plaintiff is entitled to any damages from Solid Gold.

For Defendant Stacy Rutter:

**Defendant Stacy Rutter submits that the Plaintiff's claims fail as a matter of law and fact, but to the extent applicable, Defendant adopts the positions of the co-defendants.**

For Defendant Jeanne C. Woods and Huff & Woods, P.C.:

**Whether plaintiff states a claim for which relief can be granted;**

**Whether the Woods Defendants are entitled to sovereign immunity or otherwise immune from suit;**

**Whether Plaintiff was placed in a false light.**

**Whether Woods Defendants conspired with other Defendants.**

**Whether the recordings were made in a private place.**

**Whether the Wood's Defendant's conduct was intentional or outrageous.**

**Whether plaintiff waved any expectation of privacy explicitly or implicitly.**

(d) The cases listed below (include both style and action number) are:

    i. Pending Related Cases: **Rutter v. Rutter, 2010-CV-829, Supe-**

**rior Court of Cherokee County, Georgia.**

ii. Previously Adjudicated Related Cases: N/A.

2. This case is complex because it possesses one or more of the features listed below: **Plaintiff and Defendants do not contend that this case is complex. However, there are a large number of parties to schedule depositions for.**

3. Counsel

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: **Ben Windham, Bret Moore**

Defendants: **Michele Jones (R. Abbott, P. Abbott, Abbott & Abbott, P.C.), W. Curtis Anderson (S. Rutter, R. Hensel, J. Hensel), Emory Palmer (J. Woods, Huff & Woods, P.C.), Ted Lavender (A. Levitas, Behavioral Institute of Atlanta, LLC), Douglas Burrell (Solid Gold Protection Service, Inc.).**

4. Jurisdiction:

Is there any question regarding this court's jurisdiction?

_____ Yes  _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claims on which the objection is based. Each objection should be supported by authority.

5. Parties to this action:

(a) The following persons are necessary parties who have not been joined: **none known.**

(b) The following persons are improperly joined as parties: **none.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **none known.**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. Pro. 15. Further instructions regarding amendments are contained in L.R. 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: **none known at this time.**

(b) Amendments to the pleadings submitted later than 30 days after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing times for Motions:

All motions should be filed as soon as possible. The local rules set specific limits for some motions. These times are restated below.

All other motions must be filed within 30 days after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the ex-

tension period allowed in some instances. Local Rule 37.1

(b) Summary Judgment Motions: within 30 days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other limited motions: refer to Local Rules 7.2A, 7.2B, and 7.2E, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration, respectively.

(d) Motions objecting to expert testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. Pro. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**The parties will serve their initial disclosures on December 23, 2011.**

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the court? If so, please state the issues which could be addressed and the position of each party.

No scheduling conference is requested at this time.

10.     Discovery Period:

The discovery period commences 30 days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three discovery tracks: (a) zero months discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The parties will seek discovery as to any and all facts, issues, and allegations asserted by any party in the pleadings filed in this case. Subjects for discovery include, but are not limited to, evidence of any kind that would establish defendants' liability for the claims as described above and in the Complaint.

For Abbott & Abbott:

**Communications between the parties.**

**Communications regarding the recordings.**

For Richard and Janet Hensel:

**Any materials, information and/or documents that the plaintiff contends supports the allegations in his Complaint. Any materials, information and/or documents that the co-defendants contend support their defenses raised.**

For Anthony C. Levitas, Psy.D and Behavioral Institute of Atlanta, LLC

**Any information, materials and/or documents supporting or**

**refuting Plaintiff's claims and Defendants' defenses.**

For Solid Gold Protection Service, Inc.:

**Solid Gold anticipates conducting discovery of the facts and circumstances of Plaintiff's allegations and this Defendants dealings with any Co-Defendant as well as Plaintiff's claimed damages.**

For Stacy Rutter:

**Any information, materials and/or documents supporting or refuting Plaintiff's claims and Defendants' defenses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below.

Based on the large number of parties involved, the parties have jointly agreed to request a change from the assigned 4-month discovery track

to an 8-month discovery track.

11.      Discovery Limitation:

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court, and what other limitations should be imposed? **None known at this time.**

12.      Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? **None known at this time.**

13.      Settlement Potential:

(a) Counsel for the parties certify by their signatures below that an initial Rule 26(f) conference was held on December 3, 2011, and that they participated in settlement discussions.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( )   A possibility of settlement before discovery.

(**X**)   A possibility of settlement after discovery.

( )   A possibility of settlement, but a conference with the judge is needed.

( )   No possibility of settlement.

(c) Counsel (**X**) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case: **none known at this time.**

14.    Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b) The parties (**X**) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 16th day of December, 2011.

/s/ Bret S. Moore
Bret S. Moore
Georgia Bar No. 601608
Attorney for Plaintiff
Bret S. Moore, Attorney at Law, LLC
5447 Roswell Road
Atlanta, GA 30342
(404) 593-2612
(404) 264-1149 fax
bret@bretmoorelaw.com

/s/ Ben Windham
Ben Windham
Georgia Bar No. 770195
Attorney for Plaintiff
Windham & Associates, P.C.
239 Village Center Parkway Ste. 170
Stockbridge, Georgia 30281
(678) 565-8686
(678) 565-8949 fax
ben@windhamlaw.com

**CARLOCK COPELAND & STAIR, LLP**
/s/ Michele R. Jones
Johannes S. Kingma
Georgia Bar No. 421650

Michele R. Jones
Georgia Bar No. 607116
191 Peachtree Street NE, Suite 3600
Atlanta, Georgia 30303
Tel: (404) 522-8220
Fax: (404) 222-9482
jkingma@carlockcopeland.com
mjones@carlockcopeland.com
Attorneys for Defendants Robert K. Abbott,
      Jr., Parri S. Abbott, and Abbott &
      Abbott, P.C.


**DREW, ECKL & FARNHAM, LLP**
/s/ Douglas K. Burrell
Hall F. McKinley, III
Georgia Bar No. 495512
Douglas K. Burrell
Georgia Bar No.: 097537
880 West Peachtree Street
Atlanta, Georgia 30309
----------------------
P.O. Box 7600
Atlanta, Georgia 30357-0600
Tel: (404) 885-1400
Fax: (404) 876-0992
hmckinley@deflaw.com
dburrell@deflaw.com
Attorneys for Defendant Solid Gold
      Protection Service, Inc.

**LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN**

/s/ Thomas O. Sippel

Thomas O. Sippel, GBN 649211
Jatrean M. Sanders, GBN 244505
Attorneys for Defendants Robert
and Janet Hensel
500 Colonial Center Pkwy, Suite 625
Roswell, GA 30076
Phone: (678) 206-2500
Fax: (678) 206-2507
Tom.sippel@leitnerfirm.com
Jatrean.Sanders@leitnerfirm.com


**DOWNEY & CLEVELAND, LLP**

/s/ W. Curtis Anderson

W. Curtis Anderson, GBN 018470
Attorney for Defendant Stacy Rutter
288 Washington Ave.
Marietta, GA 30060
Phone: (770) 422-3233
Fax: (770) 423-4199
anderson@downeycleveland.com


/s/ Emory L. Palmer

Emory L. Palmer
Georgia Bar No. 560120
Alexander D. Weatherby
Georgia Bar No. 819975
Attorneys for Jeanne D. Woods and
Huff and Woods, P.C.

Carr & Palmer, LLP
10 North Parkway Square
4200 Northside Parkway, NW
Atlanta, Georgia 30327
Phone: (404) 442-9000
Fax: (404) 442-9700
epalmer@carrpalmer.com
aweatherby@carrpalmer.com


/s/ Amy M. Hoffman
Paul E. Weathington
Georgia Bar No. 743120
pweathington@weathingtonfirm.com
Amy M. Hoffman
Georgia Bar No. 359606
ahoffman@weathingtonfirm.com
Attorneys for Defendants
Anthony C. Levitas, Psy.D and
Behavioral Institute of Atlanta, LLC
THE WEATHINGTON FIRM, P.C.
191 Peachtree Street, NE
Suite 3900
Atlanta, Georgia  30303
Phone: (404) 524-1600
Fax: (404) 524-1610