IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHARLES W. RUTTER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT K. ABBOTT, JR., PARRI S. ABBOTT, ABBOTT & ABBOTT, P.C., STACY K. RUTTER, RICHARD M. HENSEL, JANET E. HENSEL, JEANNE D. WOODS, HUFF AND WOODS, P.C., ANTHONY C. LEVITAS, BEHAVIORAL INSTITUTE OF ATLANTA, LLC, and SOLID GOLD PROTECTION SERVICE, INC., | ) Civil Action No.: <br> ) 1:11-CV-3691 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| Defendants. | ) |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS ROBERT K. ABBOTT, JR., PARRI S. ABBOTTS AND ABBOTT & ABBOTT, P.C.

Plaintiff's Complaint is properly dismissed because, contrary to Plaintiff's unfounded assertion otherwise, Abbott & Abbott's communications regarding Plaintiff's conduct are privileged. Further, it is axiomatic that his false light claims require a false publication, which is impossible, since the alleged disclosure was of his own recorded conduct. Plaintiff's conspiracy claims fail because Abbott & Abbott's participation was only that of an attorney advising and acting on behalf of its client. Finally, Plaintiff cannot rely upon the narrow exception of "pecuniary

loss" for his negligent infliction of emotional distress claim because he has failed to properly allege the requisite "injury to property" that caused any pecuniary loss.

A.     **Abbott & Abbott's alleged communications are privileged.**

   1.   *Plaintiff's Response to Abbott & Abbott's assertion of privilege is based on a false premise.*

Plaintiff attempts to sidestep Abbott & Abbott's assertion of privilege by presenting this Court with a false statement of Georgia law that "O.C.G.A. § 51-5-7 does not apply ... because Plaintiff has not asserted any claims for libel or slander."[1] This statement is false because the Georgia Court of Appeals has repeatedly rejected it.[2] Indeed, in Smith v. Henry, the court rejected Plaintiff's exact statement holding that "it is clear that the privilege contained in O.C.G.A. § 51-5-7 applies not only to slander and libel claims, *but also to any other tort based on communications*."[3] The court went on to dismiss plaintiff's claims for not only libel and slander, but also invasion of privacy, negligence, and intentional infliction of emotional distress based on an allegedly false statement.[4] Accordingly, this Court should reject Plaintiff's Response to the extent it relies

---

[1] *See* Plaintiff's Response to Defendants' Motion to Dismiss ("Plaintiff's Response"), Doc. 28, p. 6.
[2] *See e.g., Smith v. Henry*, 276 Ga.App. 831 (2005); *Rabun v. McCoy*, 273 Ga.App. 311 (2005); *Munoz v. American Lawyer Media*, 236 Ga.App. 462 (1999).
[3] *Id.* at 834 (citing *Rabun*, 273 Ga.App. at 316) (emphasis added).
[4] *Id.*; *see also Rabun*, at 320 (applying statutory privilege in dismissing plaintiff's claims for defamation, intentional infliction of emotional distress, and false

upon the false premise of law that O.C.G.A. § 51-5-7 only applies in limited circumstances of defamation.

   2.   *Abbott & Abbott's alleged communications are privileged under O.C.G.A. § 51-5-7.*

"An attorney at law has a conditional privilege to make, during the progress of a trial, such fair comments on the circumstances of the case and conduct of the parties in connection therewith as in his judgment seem proper."[5] As explained above, this privilege protects against any tort based upon communications - including claims for invasion of privacy.[6] Because Abbott & Abbott's alleged communications concerned Plaintiff's conduct relating to the still-pending divorce litigation between Plaintiff and his wife, these communications are subject to the litigation privilege under O.C.G.A. § 51-5-7(7).[7] Furthermore, the communications were made in performing a private duty to its client, Defendant

---

light/invasion of privacy); *Munoz*, at 464 (dismissing claims for invasion of privacy and intentional infliction of emotional distress based on privilege).
[5] *Walker v. Walker*, 293 Ga.App. 872 (2008) (citing *Bishop v. Intl. Paper Co*, 173 Ga.App. 34 (1984)).
[6] *Dennis v. Adcock*, 138 Ga. App. 425 (1976).
[7] *Karpowicz v. Hyles*, 247 Ga. App. 292 (2000) (an attorney who introduced non-privileged information from a complainant's psychiatric records into evidence at a criminal trial did not invade the patient's privacy); s*ee also Hyre v. Denise*, 214 Ga. App. 552 (1994) (attorney who asserted client's claim arising from contract was not liable for tortious interference with contract); *Rich v. New*, 174 Ga. App. 73 (1985); *Sherwood v. Boshears*, 157 Ga. App. 542 (1981) (affirming summary judgment to attorney who sent a letter on his client's behalf regarding libel plaintiff); *Williams v. Carney*, 157 Fed.Appx. 103 (11th Cir. 2005) (affirming dismissal of claims based upon litigation privilege).

Stacy Rutter, and thus is subject to privilege under O.C.G.A. § 51-5-7(2).[8] Accordingly, Plaintiff's tort claims based upon communications are properly dismissed unless Plaintiff adequately alleges actual malice.

    3.    *Plaintiff cannot allege actual malice.*

Plaintiff must allege Abbott & Abbott knew that their statements were false or made with a reckless disregard for the truth to negate the application of the conditional privileges in this case based on actual malice.[9] Plaintiff has not, and cannot, allege either of these possibilities. Indeed, Plaintiff cannot plead that the communications were false because the communication were based upon his own recorded conduct.[10] The only mention of malice in his Complaint is the conclusory assertion for purposes of claiming punitive damages.[11] Plaintiff's Complaint fails to provide a single <u>fact</u> to support even the possibility of actual malice. Because "[t]hreadbare recitals ... supported by mere conclusory statements do not suffice,"[12]

---

[8] *See Association Services, Inc. v. Smith*, 249 Ga.App. 629, 638 (2001) (dismissing communications from private investigator to client); *see also Auer v. Black*, 163 Ga.App. 787 (1983) (dismissal based on privileged statements between doctor and employer concerning employee's injuries).
[9] *Chaney v. Harrison & Lynam, LLC*, 308 Ga.App. 808 (2011); *Fine v. Communication Trends, Inc.*, 305 Ga.App. 298 (2010); *Howard v. Pope*, 282 Ga.App. 137 (2006).
[10] Perhaps this is why Plaintiff has not brought a defamation claim, because he cannot in good faith dispute his own conduct towards his children.
[11] *See* Doc. 1, ¶ 193.
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

Plaintiff has failed to sufficiently allege any actual malice capable of negating the application of privilege in this case. Thus Plaintiff's claims should be dismissed.

**B.** **Plaintiff's claims for false light invasion of privacy fail.**

A claim for false light requires "the existence of false publicity that depicts the plaintiff as something or someone which he is not."[13] This requires both "publicity which places the plaintiff ... in the public eye" and that such "publicity was in fact false."[14] Without both publicity and falsity, Plaintiff's claims are properly dismissed.[15] Plaintiff's two claims for false light invasion of privacy against Abbott & Abbott cannot meet these requirements.

Plaintiff relies upon Abbott & Abbott's alleged disclosure of portions of the video and audio recordings of Plaintiff's conduct.[16] But recordings that accurately attribute conduct to a plaintiff cannot form the basis of a false light claim because a plaintiff cannot rely upon "whatever innuendos people may draw" from such recordings.[17] Plaintiff does not allege that the recordings were in any way altered

---

[13] *Association Services, Inc. v. Smith*, 249 Ga.App. 629, 633 (2001) (citing *Zarach v. Atlanta Claims Assn.*, 231 Ga.App. 685 (1998).
[14] *Id.*; *see also Monge v. Madison County Record, Inc.*, --- F. Supp. 2d ----, No. 10-CV-0037-SCJ, *7 (N.D. Ga. August 4, 2011) (citing *Pospicil v. Buying Office, Inc.*, 71 F.Supp.2d 1346 (N.D. Ga. 1999).
[15] *Id.*; *see also Blakely v. Victory Equipment Sales, Inc.*, 259 Ga.App. 34 (2002); *Association Services, Inc.*, at 634; *Zarach v. Atlanta Claims Ass'n*, 231 Ga.App. 685 (1998).
[16] *See* Doc. 1, ¶¶ 38, 54, 94-98.
[17] *See Zarach*, 231 Ga.App. at 690 (dismissing false light claim where use of plaintiffs' advertising materials presented plaintiffs as being what they were and

or misrepresented to portray him doing something he did not do.  Thus Plaintiff's false light claim based on the recordings should be dismissed.

Plaintiff also alleges, "upon information and belief," that Defendants Robert Abbott, Parri Abbott, and other representatives of Abbott & Abbott made representations to school officials "that suggested" Plaintiff was not a fit parent and that he should not be allowed to pick up his children.[18]  But Plaintiff fails to allege what actually was said, who said it, who it was said to, when it was said, and where it was said.  Instead, Plaintiff's simply regurgitates the elements for false light lumping three separate defendants together without providing a single fact.  While a complaint attacked under Rule 12(b)(6) does not need "detailed factual allegations,"[19] the Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]  Accordingly, Plaintiff has failed to allege a false light claim based upon mere "suggestions."

Moreover, these apparent "suggested" representations to school officials, whatever they may be, do not amount to the "publicity" required for a false light

---

plaintiffs could not rely upon the individual thought processes of observers); *see also Monge*, at *7 (dismissing false light claim because the article accurately portrayed plaintiff's conduct).
[18] *See* Doc. 1, ¶¶ 59, 178-181.
[19] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 at 1964. (2007).
[20] *Id.* at 555, 127 S. Ct. at 1964-65 (internal quotation marks and brackets omitted).

claim. Plaintiff does not allege that these "suggestions" where disseminated to the public at large placing Plaintiff in the public eye.[21] Accordingly, Plaintiff's false light claim based on "suggested" representations to school officials should be dismissed.

C. **Plaintiff's civil conspiracy claims fail.**

Plaintiff's Response fails to provide this Court with a single case permitting a civil conspiracy claim by a third-party against an attorney and client. Instead, Plaintiff claims that Abbott & Abbott admitted to advising their client to engage in criminal activity and actively participated in the tortious activity.[22] These two statements, however, are patently false. Indeed, a simply review of Exhibit A attached to Plaintiff's Response, which is a single page plucked from an in-depth hearing, reveals the following: "I would never advise my client to violate the law and I don't believe she has ... now, if I may approach, I've got case law."[23] Not only

---

[21] *See Association Services, Inc.*, 249 Ga.App. at 634 (dismissing false light claim because only the investigators and defendant's representatives viewed the tape of plaintiff); *see also Blakely v. Victory Equipment Sales, Inc.*, 259 Ga.App. 34 (2002) (dismissing false light claim because plaintiff failed to show false information was distributed to the public at large); *Peacock v. Retail Credit Co.*, 302 F. Supp 418 (N.D. Ga. 1969) (dismissing false light claim because although the information was subjected to limited publication, that was not the type of public disclosure required to establish an invasion of privacy through false light).

[22] *See* Plaintiff's Response, pp. 3-4. Plaintiff also claims that the trial judge in the divorce case already ruled that Defendants' action violated Georgia's felony wiretapping statute. Because this assertion is false, however, plaintiff cannot provide any such opinion evidencing this "ruling."

[23] *See* Doc. 10-1.

does this directly contradict Plaintiff's Response, but Plaintiff's piecemealed exhibit fails to even suggest *who* made the statement in the first place.[24]

Moreover, Plaintiff has failed to allege any <u>facts</u> evidencing Abbott & Abbott's active involvement in the tortious acts. Indeed, the only allegations surrounding Abbott & Abbott amount to the advice provided to their client before the installation of the recording devices and the privileged communications to the court appointed guardian ad litem and school officials after Plaintiff had already been recorded. Even Plaintiff concedes that no civil conspiracy between attorney and client can be maintained unless the attorney knew of the client's wrongful conduct *and* participated in the tortious act.[25] Because Plaintiff fails to allege any active participation by Abbott & Abbott in the alleged invasion of privacy claims, Plaintiff's civil conspiracy claims are properly dismissed.[26]

---

[24] Whoever made the statement was apparently prepared to present "case law" establishing that no criminal violation had in fact occurred. *Id.* Thus, this Court could certainly have gained a much better insight into the underlying hearing absent Plaintiff's disingenuous attachment of a single page.

[25] *See Parrish v. Jackson W. Jones, P.C.*, 278 Ga.App. 645 (2006) (dismissing civil conspiracy claims because there was no evidence that "the law firm knew of these misrepresentations *and* participated in a fraudulent scheme") (emphasis added); *Fraidin v. Weitzman*, 93 Md. App. 168 (1992); *Southern Union Co. v. Southwest Gas Corp.*, 165 F.Supp.2d 1010 (D. Ariz. 2001) (attorney cannot conspire with his client but can only be liable if he acts outside the scope or with malice).

[26] Additionally, Plaintiff's civil conspiracy claims fail for the same reasons the underlying tort within the conspiracy fails. *See R.W. Holdco, Inc. v. Johnson*, 269 Ga.App. 859 (2004) (dismissing a conspiracy claim against attorneys by third party where third party failed to sufficiently prove underlying tortious acts); *see also*

**D.    Plaintiff has not sufficiently pleaded negligent infliction of emotional distress to survive dismissal.**

The general rule in Georgia is that a claim for negligent infliction of emotional distress requires physical injuries resulting from a physical impact.[27]  Plaintiff has not alleged any physical injuries resulting from a physical impact.  Plaintiff is correct, however, that a narrow exception to the impact rule allows recovery of emotional distress through negligence, but only if the plaintiff has suffered a pecuniary loss caused by injury to property.[28]

Plaintiff's Response relies upon two distinguishable cases.[29]  In *Nationwide*, the plaintiff "pointed to her wrecked vehicle as evidence that 'personal property was damaged in the collision.'"[30]  Furthermore, in *Barrow*, the plaintiff could recover

---

*Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga.App. 200, 207 (2002) ("Absent the underlying tort, there can be no liability for civil conspiracy").
[27] *See Lee v. State Farm Mut. Ins. Co.*, 272 Ga.App. 583, 584 (2000) ("In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury") (citing *Ryckeley v. Callaway*, 261 Ga. 828 (1992)).
[28] *See Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga.App. 134 (2001).
[29] *Nationwide Mut. Fire Ins. Co*, 248 Ga.App 134; *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga.App. 704 (1961).
[30] *Nationwide*, 248 Ga.App. at 138; *see also Grizzle v. Norsworthy*, 292 Ga.App. 303 (2008) (dismissing n.i.e.d. claim by rejecting plaintiff's reliance on *Nationwide* as misplaced because plaintiff in *Nationwide* suffered damage to vehicle causing pecuniary loss); *see also Shores v. Modern Transp. Services, Inc.*, 262 Ga.App. 293 (2003) (dismissing n.i.e.d. claim explaining that plaintiff in *Nationwide* suffered personal property damaged in collision causing pecuniary loss in nature of medical bills).

9

because dynamite exploded on his property causing pecuniary loss.[31] Because Plaintiff has failed to allege an injury to property causing pecuniary loss, his claim for negligent infliction of emotional distress should be dismissed.[32]

## CONCLUSION

Plaintiff's claims against Abbott & Abbott rest upon privileged communications about Plaintiff's conduct relating to the underlying divorce case, and Plaintiff fails to allege any factual basis for actual malice. According to Plaintiff's Complaint, Abbott & Abbott conveyed critical information to a limited scope of individuals that needed to know that Plaintiff was "displaying extremely angry and explosive behavior towards and with [his] children."[33] Plaintiff's Complaint fails to state a claim against Abbott & Abbott for reporting his behavior, and his claims against them should be dismissed.

This 21st day of December 2011.

                                CARLOCK, COPELAND & STAIR, LLP

                                By:   /s/ Michele R. Jones
                                       JOHANNES S. KINGMA
                                       Georgia Bar No. 421650
                                       MICHELE R. JONES

---

[31] *Barrow*, 103 Ga.App. 704.
[32] *Grizzle*, 292 Ga.App. 303 (2008) (dismissing n.i.e.d. claim because plaintiff failed to establish that his personal property was damaged in the collision); *see also Shores*, 262 Ga.App. 293 (2003) (dismissing n.i.e.d. claim because plaintiff was at-will employee and thus could not establish damage to a protected property right).
[33] *See* Doc. 18-2, p. 2.

                 Georgia Bar No. 607116
                 *Attorneys for Defendants Robert*
                 *K. Abbott, Jr., Parri S. Abbott,*
                 *and Abbott & Abbott, P.C.*

191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
404-522-8220
........
P.O. Box 5687
Atlanta, Georgia 30303

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing pleading upon all parties to this matter by filing it with the Court's electronic filing system, addressed to counsel of record as follows:

| | |
|---|---|
| Bret Stuart Moore<br>Bret S. Moore, Attorney at Law, LLC<br>5447 Roswell Road<br>Atlanta, Georgia 30342 | Benjamin Windham<br>Windham & Associates, P.C.<br>239 Village Center Parkway, Suite 170<br>Stockbridge, Georgia 30281 |
| William Curtis Anderson<br>Downey & Cleveland<br>288 Washington Avenue<br>Marietta, Georgia 30060 | Thomas O. Sippel<br>Jatrean M. Sanders<br>Leitner, Williams, Dooley<br>& Napolitan, PLLC<br>500 Colonia Center Parkway, Suite 625<br>Roswell, Georgia 30076 |
| Emory Livingston Palmer<br>Carr Tabb & Pope<br>4200 Northside Parkway, N.W.<br>10 North Parkway Square<br>Atlanta, Georgia 30327 | Douglas K. Burrell<br>Drew Eckl & Farnham<br>P.O. Box 7600<br>880 West Peachtree Street, N.W.<br>Atlanta, Georgia 30357-7600 |
| Amy Hoffman<br>The Weathington Firm, PC.<br>191 Peachtree Street, N.E.<br>Suite 3900<br>Atlanta, Georgia 30303 | |

This 21st day of December 2011.

By: /s/ Michele R. Jones
JOHANNES S. KINGMA
Georgia Bar No. 421650
MICHELE R. JONES
Georgia Bar No. 607116

191 Peachtree Street, Suite 3600
Atlanta, Georgia 30303
404-522-8220

| | |
|---|---|
| ........<br>P.O. Box 5687<br>Atlanta, Georgia 30303 | *Attorneys for Defendants Robert K. Abbott, Jr., Parri S. Abbott, and Abbott & Abbott, P.C.* |

3643647v.1