UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES W. RUTTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT K. ABBOTT, JR., PARRI S. | ) | |
| ABBOTT, ABBOTT & ABBOTT, P.C., | ) | Civil Action No.: |
| STACY K. RUTTER, RICHARD M. | ) | 1:11-CV-3691 |
| HENSEL, JANET E. HENSEL, JEANNE | ) | |
| D. WOODS, HUFF AND WOODS, P.C., | ) | |
| ANTHONY C. LEVITAS, | ) | |
| BEHAVIORAL INSTITUTE OF | ) | |
| ATLANTA, LLC, and SOLID GOLD | ) | |
| PROTECTION SERVICE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL DISCLOSURES OF DEFENDANTS ROBERT K. ABBOTT, JR., PARRI S. ABBOTT, AND ABBOTT & ABBOTT, P.C.

(1) If the Defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure responses.

**Response**: Not applicable.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Response**:  None.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaim or crossclaims asserted by defendant in the responsive pleading.

**Response**:  The actions of Abbott & Abbott in representing their client Stacy Rutter in litigation are privileged.  Georgia's anti-SLAPP statute bars claims arising out of the right to free speech and to seek redress.  Plaintiff was not placed in a false light by the recordings described in his Complaint.  Abbott & Abbott cannot conspire with their own client.  Plaintiff cannot recover for negligent infliction of emotional distress without a physical injury.

Stacy Rutter retained Abbott & Abbott to represent her in a divorce case in Cherokee County ("the divorce case").  Stacy Rutter and Charles Rutter jointly owned the marital home at 100 Greenbrier Way, Canton, Georgia ("the marital home").  Beginning in May 2010, Stacy Rutter and Charles Rutter alternated twenty-four-hour periods in the marital home with their three children.

Around July 2010, Stacy Rutter became afraid to stay in the marital home at night, so she and the children spent their days in the marital home and nights at the neighbor's house.  Abbott & Abbott advised Stacy Rutter to record Charles Rutter and the children in common areas of the marital home.  Abbott & Abbott understand that Solid Gold Protection installed cameras and microphones in the family room, baby's room, and kitchen in September 2010.  Stacy Rutter monitored the recordings, kept certain recordings of Charles Rutter with their children ("the recordings"), and recorded over other recordings that were not kept.

B. J. Abbott and Stacy Rutter told the guardian ad litem Dianne Woods about the recordings and gave her copies of them on October 27, 2010.  Parri Abbott has never seen the recordings.

Judge Frank Mills of the Superior Court ruled that the video recordings were admissible, and the audio recordings not admissible, in the divorce case.  Charles Rutter appealed that ruling to the Supreme Court of Georgia.

Stacy Rutter moved out of the marital home in November 2010, and Abbott & Abbott understand that the cameras and microphones were removed at that time. Abbott & Abbott have not showed the recordings to anyone besides Woods.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response**:

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

*Association Services, Inc. v. Smith*, 249 Ga. App. 629 (2001)

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)

*Blakely v. Victory Equipment Sales, Inc.,* 259 Ga. App. 34 (2002)

*Brewer v. Schacht*, 235 Ga. App. 313 (1998)

*Brown v. Capricorn*, 136 Ga. App. 818 (1975)

*Browns Mill Development Co., Inc. v. Denton*, 247 Ga. App. 232 (2000)

*Cabaniss v. Hipsley*, 114 Ga. App. 367 (1966)

*Canberg v. City of Toccoa*, 255 Ga. App. 890 (2002)

*Chaney v. Harrison & Lynam*, LLC, 308 Ga. App. 808 (2011)

*Clark v. Druckman*, 218 W.Va. 427 (2005)

*Dennis v. Adcock*, 138 Ga. App. 425 (1976)

*Doctor's Co. v. Superior Court*, 49 Cal.3d 39 (1989)

*Duracraft Corp. v. Holmes Products Corp*., 427 Mass. 156 (1998)

*Fine v. Communication Trends, Inc*., 305 Ga. App. 298 (2010)

*Fraidin v. Weitzman*, 93 Md. App. 168 (1992)

*Gordon v. Colin*, 267 Fed.Appx. 843 (11th Cir. 2008)

*Grizzle v. Norsworthy*, 292 Ga. App. 303 (2008)

*Hagemann v. City of Marietta*, 287 Ga. App. 1 (2007)

*Harkins v. Atlanta Humane Society*, 273 Ga. App. 489 (2005)

*Hyre v. Denise*, 214 Ga. App. 552 (1994)

*Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004)

*Karpowicz v. Hyles*, 247 Ga. App. 292 (2000)

*Lee v. Nash*, 65 Or. App. 538 (1983)

*Lee v. State Farm Mut. Ins. Co.,* 272 Ga. App. 583 (2000)

*Lester v. Thurmond*, 51 Ga. 118 (1874)

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co*., 639 So.2d 606 (Fla. Sup. Ct. 1994)

*Minick Motor Co. v. Moore*, 248 Ga. App. 297 (2001)

*Monge v. Madison County Record, Inc.*, __ F.Supp.2d __, No. 10-CV-0037-SCJ, *7 (N.D.Ga. Aug. 4, 2011)

*Munoz v. American Lawyer Media, L.P*., 236 Ga. App. 462 (1999)

*Nationwide Mut. Fire Inc. Co. v. Lam*, 248 Ga. App. 134 (2001)

*O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325 (1999)

*Parrish v. Jackson W. Jones, P.C.*, 278 Ga. App. 645 (2006)

*Rabun v. McCoy*, 273 Ga. App. 311 (2005)

*Rich v. New*, 174 Ga. App. 73 (1985)

*Sherwood v. Boshears*, 157 Ga. App. 542 (1981)

*Smith v. Henry*, 276 Ga. App. 831 (2005)

*Southern Union Co. v. Southwest Gas Corp.*, 165 F.Supp.2d 1010 (D. Ariz. 2001)

*Stiles v. Onorato*, 318 S.C. 297 (1995)

*Walker v. Walker*, 293 Ga. App. 872 (2008)

*Williams v. Carney*, 157 Fed. Appx. 103 (11th Cir. 2005)

*Zarach v. Atlanta Claims Ass'n*, 231 Ga. App. 685 (1998)

O.C.G.A. §51-5-7

O.C.G.A. §9-11-11.1

Restatement of Torts 2d §586, 595, 652

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response**: See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attach expert witness list and written reports
to Responses to Initial Disclosures as Attachment B.)

**Response**: See Attachment B.

(7) Provide a copy of, or a description by category and location of, all
documents, data compilation, and tangible things in your possession, custody, or
control that you may use to support your claims or defenses unless solely for
impeachment, identifying the subjects of the information. (Attach document list
and descriptions to Initial Disclosures as Attachment C.)

**Response**: See Attachment C.

(8) In the space provided below, provide a computation of any category of
damages claimed by you.  In addition, include a copy of, or describe by category
and location of, the documents or other evidentiary material, not privileged or
protected from disclosure, on which such computation is based, including materials
bearing on the nature and extent of injuries suffered, making such documents or
evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.
(Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response**: See Attachment D.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response**:  Not applicable.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfying part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response**: See Attachment E.

This 23rd day of December 2011.

CARLOCK COPELAND & STAIR, LLP

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
Phone:  (404) 522-8220
Fax:  (404) 222-9482

/s/ Michele R. Jones
JOHANNES S. KINGMA
State Bar No. 421650
MICHELE R. JONES
State Bar No. 607116
*Attorneys for Defendants Robert K. Abbott, Jr., Parri S. Abbott, and Abbott & Abbott, P.C.*

**Attachment A--Witness List**

| Name | Information | Address and Telephone Number (If Known) |
|---|---|---|
| B.J. Abbott | Defendant/counsel for Stacy Rutter in divorce | Contact through defense counsel |
| Parri Abbott | Defendant/counsel for Stacy Rutter in divorce | Contact through defense counsel |
| Jennifer Gill | Attorney for Charles Rutter in divorce | Bray & Johnson Ten North Street Canton, GA 30114 (770) 479-1426 |
| Roger Johnson | Attorney for Charles Rutter in divorce | P.O. Box 1649 Canton, GA 30114 (770) 479-1426 |
| Anthony Levitas | Defendant | Contact through defense counsel |
| Frank Mills | Judge in Rutter divorce case | Cherokee County Justice Center 90 North Street, Suite 260 Canton, GA 30114 Phone: (678)-493-6270 |
| Charles Rutter | Plaintiff | Contact through plaintiff's counsel |
| Stacy Rutter | Defendant | Contact through defense counsel |
| Dianne Woods | Defendant/guardian ad litem in divorce case | Contact through defense counsel |

## ATTACHMENT B--Expert List

None at this time.  Defendants will supplement this response if and when experts are identified.

**ATTACHMENT C--Document List**

| <u>Document Description</u> | <u>Location</u> |
|---|---|
| Recordings of Plaintiff in .ssf files | Carlock, Copeland & Stair |
|  |  |

**ATTACHMENT D--Damages**

None.  Defendants, however, may seek their attorney's fees and expenses incurred in defending the Complaint.

## ATTACHMENT E--Insurance Agreement

Attached is a copy of the relevant insurance policy.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Benjamin Windham
Windham & Associates, PC
239 Village Center Parkway, Suite 170
Stockbridge, Georgia  30281

Bret S. Moore
Bret S. Moore, Attorney at Law, LLC
5447 Roswell Road
Atlanta, Georgia 30342

Douglas K. Burrell
Drew Eckl & Farnham
P.O. Box 7600
880 West Peachtree Street, N.W.
Atlanta, Georgia 30357-7600

Thomas O. Sippel
Jatrean M. Sanders
Leitner, Williams, Dooley & Napolitan, PLLC
500 Colonia Center Parkway, Suite 625
Roswell, Georgia  30076

Amy Hoffman
The Weathington Firm, PC.
191 Peachtree Street, N.E.
Suite 3900
Atlanta, Georgia 30303

Emory Livingston Palmer
Carr Tabb & Pope
4200 Northside Parkway, N.W.
10 North Parkway Square
Atlanta, Georgia 30327

William Curtis Anderson
Downey & Cleveland
288 Washington Avenue
Marietta, Georgia  30060

This 23rd day of December 2011.

/s/ Michele R. Jones
MICHELE R. JONES
*Attorneys for Defendants Robert K.*
*Abbott, Jr., Parri S. Abbott, and Abbott &*
*Abbott, P.C.*

14

3626420v.1