## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

CHARLES W. RUTTER, JR.,    )
                         )
    Plaintiff,           )
                         )
v.                       )     CIVIL ACTION FILE NO.
                         )     1:11-CV-3691
ROBERT K. ABBOTT, JR., PARRI )
S. ABBOTT, ABBOTT & ABBOTT, )
P.C., STACY K. RUTTER,     )
RICHARD M. HENSEL, JANET E. )
HENSEL, JEANNE D. WOODS,  )
HUFF & WOODS, P.C., ANTHONY )
C. LEVITAS, BEHAVIORAL    )
INSTITUTE OF ATLANTA, LLC,  )
and  SOLID GOLD PROTECTION  )
SERVICE, INC.,           )
                         )
    Defendants.        )
_____ )

## <u>DEFENDANT STACY K. RUTTER'S INITIAL DISCLOSURES</u>

COMES NOW Stacy K. Rutter, Defendant in the above-captioned civil

action, and hereby serves her initial disclosures pursuant to the Local Rules for the

Northern District of Georgia and Federal Rule of Civil Procedure 26(a)(1)as

follows:

**(1)    If the defendant is improperly identified, state defendant's correct identification and whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response:**

1

Defendant Stacy K. Rutter is properly identified.

**(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.    If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant is not aware of any necessary parties to this action who have not been named at this time.  However, discovery is just beginning.

**(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Defendant denies all claims alleged in Plaintiff's Complaint.  Defendant also raised multiple defenses in her answer in order to preserve such defenses as a matter of law.  To the extent applicable, Defendant will rely on these defenses as discovery progresses.

Defendant Stacy Rutter retained Abbott & Abbott to represent her in a divorce case in Cherokee County ("the divorce case").  Stacy Rutter and Charles Rutter jointly owned the marital home at 100 Greenbrier Way, Canton, Georgia ("the marital home").  Starting in May of 2010, Stacy Rutter and Charles Rutter alternated spending twenty-four-hour periods in the marital home with their three children so that the children's routine would not be unnecessarily disturbed.

Some time in July of 2010, Stacy Rutter became afraid to stay in the marital home at night, so she and the children began to spend days at the marital home and nights at a neighbor's house.  Abbott & Abbott advised Stacy Rutter to record Charles Rutter and the children in the common areas of the marital home.  Stacy Rutter hired Solid Gold Protection Service, Inc. ("Solid Gold").  Stacy Rutter moved out of the marital home in November of 2010.

In the divorce case, Judge Frank Mills of the Superior Court of Cherkoee County ruled that the video recordings were admissible and that the audio recordings were inadmissible.  Stacy Rutter asserts that the Plaintiff's claims are factually and legally erroneous and baseless and that the Plaintiff cannot establish, as a matter of law, the necessary prerequisites for his claims against this Defendant.

**(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

Discovery is just beginning, and Stacy Rutter relies upon the legal the authority cited by the other Defendants in this case, in the disclosures, Motions and Briefs, along with the following:

(a)   Federal Electronic Communications Privacy Act, 18 U.S.C. §§ 2510, *et seq.* and cases construing the same.

(b)     Intrusion upon seclusion, solitude, and private affairs, under Georgia common law and cases construing the same.

(c)     Public Disclosure of Private Facts, under Georgia common law, and cases construing the same.

(d)     False Light Invasion of Privacy, under Georgia common law, and cases construing the same.

(e)     Invasion of Privacy under O.C.G.A. § 16-11-62(1), under Georgia common law, and cases construing the same.

(f)     Invasion of Privacy under O.C.G.A. § 16-11-62(2), under Georgia common law, and cases construing the same.

(g)     Invasion of Privacy under O.C.G.A. § 16-11-62(3), under Georgia common law, and cases construing the same.

(h)     Invasion of Privacy under O.C.G.A. § 16-11-62(6), under Georgia common law, and cases construing the same.

(i)     Intentional Misrepresentation and Fraudulent Inducement to Contract under Georgia common law and cases construing the same.

(j)     Breach of Contract under Georgia common law and cases construing the same.

(k)    Negligent Misrepresentation under Georgia common law and cases construing the same.

(l)    Stubborn Litigiousness under O.C.G.A. § 13-6-11 and cases construing the same.

(m)    Intentional Infliction of Emotional Distress under Georgia common law, Blockum v. Fieldale Farms Corp., 275 Ga. App. 751 (2002) and cases construing the same.

(n)    Negligent Infliction of Emotional Distress under Georgia common law, Canberg v. City of Toccoa, 255 Ga. App. 890 (2002), O'Neal v. Home Town Bank of Villa Rica, 237 Ga. App. 325 (1999), and cases construing the same.

(o)    False Light under Georgia common law, Cabaniss v. Hipsley, 114 Ga. 367 (1966), Association Services, Inc. v. Smith, 249 Ga. App. 629 (2001) and cases construing the same.

(p)    Punitive Damages under Georgia common law, and cases construing the same.

(q)    Conspiracy under Georgia common law and cases construing the same.

Defendant asserts that she may have affirmative defenses available to her under the forementioned statutes and case law in addition to other affirmative defenses beyond those outlined above. Given the early stage of this litigation, Defendant reserves the right to supplement her initial disclosures when additional statutes, legal principles, standards, and illustrative case law are identified.

(5)    **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Amendment A.).**

See Attachment A.

(6)    **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.).**

See Attachment B.

(7)    **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.).**

See Attachment C.

6

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.).

See Attachment D.

(9)     If defendant contends some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Defendant is not presently contending that any other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, given that the instant litigation has just begun. Defendant reserves the right to supplement her initial disclosures in the event that discovery demonstrates otherwise.

(10)   Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.).

See Attachment E.

This 23rd day of December, 2011.          DOWNEY & CLEVELAND, LLP

288 Washington Avenue          By:   /s/   William Curtis Anderson
Marietta, Georgia 30060                 WILLIAM CURTIS ANDERSON

Georgia Bar No.: 018470
anderson@downeycleveland.com
Attorneys for Defendant Stacy K.
Rutter

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Benjamin Windham
Windham & Associates, P.C.
Suite 170
239 Village Center Parkway
Stockbridge, Georgia 30281
*Attorney for Charles W. Rutter, Jr.*

Bret S. Moore
Bret S. Moore, Attorney at Law, LLC
Suite 302
5547 Roswell Road
Atlanta, Georgia 30342
*Attorney for Charles W. Rutter, Jr.*

Michele Ritz Jones
Johannes S. Kingma
Carlock Copeland & Stair, LLP
Suite 3600
191 Peachtree Street, N.E.
Atlanta, Georgia 30303
*Attorneys for Robert K. Abbott, Jr.,*
*Parri S. Abbott, and Abbott & Abbott,*
*P.C.*

Thomas O. Sippel
Leitner, Williams, Dooley & Napolitan,
PLLC
500 Colonial Center Parkway
Suite 625
Roswell, Georgia 30076

*Attorney for Richard M. Hensel, and*
*Janet E. Hensel*

Emory Livingston Palmer
Carr Tabb & Poope
4200 Northside Parkway, N.W.
10 North Parkway Square
Atlanta, Georgia 30327
*Attorney for Jeanne D. Woods, and Huff*
*and Woods, P.C.*

Amy Michelle Hoffman
The Weatherington Firm, P.C.
Suite 3900
191 Peachtree Street, N.E.
Atlanta, Georgia 30303
*Attorney for Anthony C. Levitas, and*
*Behavioral Institute of Atlanta, LLC*

Douglas G. Smith, Jr.
Hall F. McKinley, III
Drew Eckl & Farnham
P.O. Box 7600
880 West Peachtree Street, N.W.
Atlanta, Georgia 30357
*Attorneys for Solid Gold Protection*
*Service, Inc.*

[SIGNATURES ON FOLLOWING
PAGE]

This 23rd day of December, 2011.          DOWNEY & CLEVELAND, LLP

288 Washington Avenue          By:   /s/   William Curtis Anderson
Marietta, Georgia 30060                WILLIAM CURTIS ANDERSON
                                       Georgia Bar No.: 018470
                                       anderson@downeycleveland.com
                                       Attorneys for Defendant Stacy K.
                                       Rutter

## ATTACHMENT A
### Witness List

At present, Defendant knows of no additional individuals to list other than the parties involved.  Defendant reserves the right to amend this Attachment as discovery progresses.

## ATTACHMENT B
### Expert Witness(es)

Defendant reserves the right to designate expert witnesses to render expert opinions consistent with the Federal Rules of Evidence 702, 703, and/or 705. For all experts described in Federal Rule of Civil Procedure 26(a)(2)(B), Defendant will supplement and amend this Attachment to provide a separate written report satisfying the provision of that Rule.

## ATTACHMENT C
## Documents and Tangible Things

Not all of the documents and tangible things are in the Defendant's possession, but at this time, Defendant is aware of the following documents and/or tangible things:

1. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Cherokee County Superior Court, Case No. 10-CV-879-FM.

2. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Georgia Court of Appeals Case No. A11I0297.

3. Public court filings/tangible things in <u>Rutter v. Rutter</u>, Georgia Court of Appeals Case No. A12A0661.

Defendant reserves the right to amend this Attachment as discovery progresses.

### <u>ATTACHMENT D</u>
### <u>Damages</u>

Defendant reserves the right to amend this Attachment as discovery progresses.

## **ATTACHMENT E**
### **Insurance Agreement**

None available at this time.  Defendant reserves the right to amend this

Attachment as discovery progresses.