FILED IN CHAMBERS
U.S.D.C. Rome

JAN 19 2012

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES W. RUTTER, JR.,

      Plaintiff,

    v.

ROBERT K. ABBOTT, JR. et al.,

      Defendants.

CIVIL ACTION

NO. 1:11-CV-3691-RLV

O R D E R

This case is a spin-off of a divorce proceeding currently pending in Cherokee County, Georgia. In his complaint, the plaintiff raises twenty-six counts against several defendants, based on the same set of factual allegations. The plaintiff alleges that his wife's attorneys, i.e., Robert K. Abbott, Jr., Parri S. Abbott, and Abbott & Abbott, P.C., advised her to install video cameras and microphones in the plaintiff's home in September 2010. Thereafter, the plaintiff alleges that his wife's attorneys showed some of the recordings to defendant Diane Woods, whom the state court in the plaintiff's divorce proceeding appointed to serve as the guardian *ad litem* of the plaintiff's children. The plaintiff further alleges that defendant Dr. Anthony C. Levitas, who worked at The Behavioral Institute of Atlanta, LLC, also a defendant in this case, either listened to or viewed improperly

recorded material.  The plaintiff further alleges that Dr. Levitas based his evaluation of the mental health of the plaintiff's children on the improperly obtained recordings of the plaintiff and his interaction with his children and wife.  According to the complaint, the defendants' conspiracy resulted in negative action being taken against the plaintiff in the state court divorce proceeding.  This matter comes before the court on the motions to dismiss filed by defendants Behavioral Institute of Atlanta, LLC, Dr. Levitas, Parri S. Abbott, Abbott & Abbott, P.C., Robert K. Abbott, Jr. [Doc. Nos.  18 & 22].

Before this court can address the substantive arguments raised by the defendants in their motions to dismiss, this court must direct the plaintiff to file a re-cast complaint.  In directing the plaintiff to file a re-cast complaint, the court notes that the Eleventh Circuit has clearly and repeatedly warned district courts of their duty to order repleader when confronted with a complaint which can be characterized as a "shotgun complaint."  Generally speaking, "shotgun pleadings" are those "that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."  <u>Wagner v. First Horizon Pharmaceutical Corp.</u>, 464 F.3d 1273, 1279 (11th Cir. 2006).  A review of the plaintiff's complaint reveals that his pleading is a

quintessential "shotgun pleading" because it is not clear which allegations pair up with each defendant.   Specifically, the plaintiff uses the term "defendants" in the count section of his complaint.   However, it is unclear which of the many claims are being brought against each of the many defendants sued in his complaint.   While the court is displeased with the plaintiff and his attorney for filing such a disjointed and disorganized complaint, the court also expresses some surprise that the defendants and their attorneys would burden the court by filing motions to dismiss when confronted with such a complaint.   In the face of a "shotgun pleading," parties should file a motion for a more definite statement pursuant to Rule 12(e) rather than filing a motion to dismiss pursuant to Rule 12(b).

For the above reasons, the court DIRECTS the plaintiff to file a re-cast complaint within 20 days of the docketing of this order. The failure to file a re-cast complaint within 20 days of the docketing of this order will result in the dismissal of this suit for failure to comply with this order.   Because the court directed the filing of a re-cast complaint, the court DENIES the submitted motions to dismiss [Doc. Nos. 18 & 22] as moot.

Additionally, the court puts the parties on notice that if the court concludes that any claims or defenses are frivolous or have

not been brought or raised in good faith, the court will impose the most severe sanctions allowed pursuant to Rule 11 of the Federal Rules of Civil Procedure against the party as well as his or her attorneys.   Lastly, the court reminds all attorneys of their ethical obligations as members of the Georgia State Bar.  If this court concludes that the attorneys engaged in unethical or illegal activities or if this court concludes that this complaint was filed for the purpose of intimidating witnesses, harassing opposing counsel in a divorce proceeding, or in an attempt to gain leverage in a divorce proceeding, this court will refer this matter to the appropriate persons at the Georgia State Bar for further investigation.   If the parties are able to resolve this matter without further court intervention, they should do so *post haste*.

SO ORDERED, this *19th* day of January, 2012.

ROBERT L. VINING, JR.
Senior United States District Judge

4