UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**FILED IN CHAMBERS**
**U.S.D.C. - Rome**

SEP 2 0 2012

JAMES N. HATTEN, Clerk

Deputy Clerk

CHARLES W. RUTTER, JR.,

        Plaintiff,

    v.

ROBERT K. ABBOTT, JR., et al.,

        Defendants.

CIVIL ACTION

NO. 1:11-CV-3691-RLV

## O R D E R

This case is the spin-off of a divorce proceeding between plaintiff Charles Rutter and defendant Stacy Rutter. In this case, the plaintiff alleges that defendant Stacy Rutter acting in concert with defendants Anthony C. Levitas ("Dr. Levitas") and Behavioral Institute of Atlanta, LLC ("Behavioral Institute of Atlanta") as well as other named defendants illegally recorded him and then used these recordings against the plaintiff in the divorce proceedings. On February 22, 2012, defendants Dr. Levitas and Behavioral Institute of Atlanta filed a motion to dismiss. Thereafter, this court converted the motion to dismiss into a motion for summary judgment. Now that discovery has ended and all matters have been fully briefed, the court turns to the converted motion for summary judgment [Doc. No. 71].

## I. Statement of Facts

The following facts are gleaned from the court's review of the record and are construed in the light most favorable to the plaintiff, who is the non-moving party. Dr. Levitas is a licensed clinical psychologist with over 25 years of experience providing mental health services to children, adolescents, adults, families, and couples. As a recognized expert in child and family issues, Dr. Levitas is regularly appointed by Atlanta-area courts to conduct custody evaluations, parental fitness evaluations, and psychological evaluations. While Dr. Levitas has been involved in other divorce cases where he was provided video and audio recordings of one party by another party for review, Dr. Levitas has never before been involved in any litigation where there were allegations that recordings had been made illegally.

Defendant Stacy Rutter retained Dr. Levitas to provide therapy to her three minor children while she and the plaintiff were divorcing. In an affidavit, Dr. Levitas stated that during treatment he developed the professional opinion that the two younger Rutter children had behavioral and emotional issues. Moreover, Dr. Levitas stated in his affidavit that he believed that the older Rutter child experienced some emotional trauma but did

2

not experience the same level of trauma symptoms experienced by the two younger children.

On November 1, 2010, during the course of a session with the Rutter children, defendant Stacy Rutter showed Dr. Levitas four video recordings depicting the plaintiff with his children and provided an audio recording. According to Dr. Levitas, he was told by defendant Stacy Rutter that these recordings were made via a nanny cam in the Rutter marital home. While there had been a prior dispute in the record regarding whether Dr. Levitas knew that the video and audio recordings were produced without the plaintiff's knowledge, Dr. Levitas now states that "the circumstances suggest [the plaintiff] did not know he was being recorded."

There is a dispute in the record regarding whether Dr. Levitas inquired into how and why the recordings had been made. However, it is undisputed that Dr. Levitas had no role or involvement in making or procuring the video and audio recordings in question. Moreover, it is undisputed that Dr. Levitas had no knowledge of recording at the time of their procurement and he did not encourage, request, or arrange for any recordings to be made. Additionally, it is undisputed that Dr. Levitas has never entered the Rutter's property. Additionally, it is undisputed that Dr. Levitas never requested that anyone enter the Rutter's property on

3

his or any other persons' behalf.  Furthermore, Dr. Levitas argues that he did not make the recordings in question, never witnessed nor was aware of any real-time video or real-time audio of the plaintiff, and never took possession of the audio and video recordings in question.  Finally, it is undisputed that the plaintiff is not aware of any evidence that Dr. Levitas sold, gave, or distributed the recordings or copies thereof to anyone.

After being shown the audio and video recordings, defendant Stacy Rutter's attorneys asked Dr. Levitas to provide an affidavit outlining his professional opinion regarding the plaintiff's actions and the effect of the plaintiff's actions on the Rutter children.  Defendant Stacy Rutter allegedly told Dr. Levitas that the affidavit would be used in the divorce proceedings between the plaintiff and defendant Stacy Rutter in the Superior Court of Cherokee County, Georgia.[1]

Dr. Levitas claims that he did not disclose the actual content of the recordings to the court or to any person at any time.  In contrast, the plaintiff argues that Dr. Levitas described the

---

[1] In his affidavit in support of his motion for summary judgment, Dr. Levitas claims that he had a professional, moral, and legal duty to provide the March 2011 affidavit to the court.  In contrast, the plaintiff argues that Dr. Levitas had no professional, moral, or legal duties to file the March 2011 affidavit to the court.

4

contents of the recordings as "videos which show [the plaintiff] displaying [certain conduct] towards and with his children." Moreover, Dr. Levitas claims that he never discussed, provided, transmitted, or published the content of the recordings to anyone. Again, the plaintiff argues that Dr. Levitas discussed the contents of the videos with defendant Stacy Rutter.

In his affidavit, Dr. Levitas argues that he did not provide his March 2011 affidavit for financial gain or for an improper motive. In contrast, the plaintiff argues that Dr. Levitas's motivation remains in dispute because Dr. Levitas charged defendant Stacy Ruetter a fee for his service. It is undisputed that Dr. Levitas charged defendant Stacy Rutter for "maybe thirty minutes" of time related to working on the March 2011 affidavit.

The superior court judge presiding over the Rutters' divorce proceeding concluded that the videos were admissible, but the subject audio was not. Thereafter, the plaintiff appealed this issue to the Georgia Court of Appeals. The Georgia Court of Appeals affirmed the rulings of the superior court judge. In their reply brief in support of their summary judgment motion, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that the Georgia Court of Appeals ruled on the "legality of the recordings."

On January 13, 2011, in the Superior Court of Cherokee County, Georgia, the plaintiff filed the affidavit of the plaintiff's treating psychologist, Dr. William B. Moon. In their Statement of Undisputed Facts, defendants Dr. Levitas and Behavioral Institute of Atlanta allege, "All of the facts that the plaintiff alleges to have been disclosed by Dr. Levitas's March 2011 affidavit were already matters of public record as all of the facts contained in that affidavit were already disclosed by Dr. Moon's affidavit filed in the Rutter's divorce proceedings." (Defendants' Statement of Undisputed Facts, ¶ 38 [Doc. No. 143, Ex. 7].) The plaintiff did not dispute this statement of fact in his response to the defendants' undisputed statement of facts.

In the plaintiff's complaint, the plaintiff alleges the following substantive counts against defendants Dr. Levitas and Behavioral Institute of Atlanta: (a) invasion of privacy under 18 U.S.C. §§ 2510, *et seq.* (Count I); (b) public disclosure of private facts, under Georgia common law (Count III); (c) invasion of privacy under O.C.G.A. § 16-11-62(6) (Count VII); (d) conspiracy to commit the counts alleged in (a) through (c); and (e) negligent infliction of emotional distress, under Georgia common law (Count IX). Moreover, the plaintiff also alleges an ancillary count against these defendants for punitive damages pursuant to O.C.G.A.

§  51-12-51  (Count X). [2]     In  the  converted  motion  for  summary

judgment,  defendants  Dr.  Levitas  and  Behavioral  Institute  of

Atlanta  argue  that  all  of  the  plaintiff's  claims  should  be

dismissed.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment

is    proper    "if    the    pleadings,    depositions,    answers    to

interrogatories,  and  admissions  on  file,  together  with  the

affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as

a  matter  of  law."  Celotex Corp. v. Catrett , 477 U.S. 317, 322

(1986).   The movant can meet this burden by presenting evidence

showing there is no dispute of material fact, or by showing that

the nonmoving party has failed to present evidence in support of

some element of his or her claim on which he or she bears the

ultimate burden of proof. Id. at 322-23. Once the moving party has

met its burden, Rule 56(e) "requires the nonmoving party to go

beyond  the  pleadings  and  by  .  .  .  affidavits,  or  by  the

_____

[2] The  court  notes  that  the  plaintiff  voluntarily  withdrew
Count  IX  of  his  complaint,  which  was  labeled  as  a  claim  for
negligent infliction of emotional distress.  Because the plaintiff
abandoned  Count  IX,  the  court  did  not  address  Count  IX  in  this
order.

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.   Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322.

### III. Legal Analysis
#### A. Invasion of privacy, 18 U.S.C. §§ 2510, et seq.

In Count I, the plaintiff alleges that defendants Dr. Levitas and Atlanta Behavioral Institute violated the Federal Electronics Communication Act, 18 U.S.C. §§ 2510, et seq. (the "Federal Wiretap Act") by "publish[ing] and disclos[ing] the contents of multiple recordings of the Plaintiff to third parties, including at least, the general public, without first obtaining Plaintiff's consent." The Federal Wiretap Act prohibits, with specified exceptions, both: (1) the intentional interception of "any wire, oral, or electronic communication," 18 U.S.C. § 2511(1)(a); and (2) the intentional disclosure or use of the contents of any such illegally intercepted communication if the persons who discloses or uses it did so "knowing, or having reason to know," the communication was intercepted in violation of the Federal Wiretap Act. 18 U.S.C. §

2511(1)(c)-(d).   Having reviewed the record, the court concludes

that  18  U.S.C.  §  2511(1)(a),  which  deals  with  intentional

interception, is not applicable because there is no evidence that

defendants  Dr.  Levitas  or  Behavioral  Institute  of  Atlanta

intentionally  intercepted,  taped,  or  recorded  the  plaintiff.

Instead, the court focuses on 18 U.S.C. § 2511(1)(c) and (d), which

deal  with  the  intentional  disclosure  of  illegally  intercepted

communication.

As correctly noted by defendants Dr. Levitas and Behavioral

Institute of Atlanta, there are various exceptions to the Federal

Wiretap Act.   In relevant part, the Federal Wiretap Act states:

> Any person who has received, by any means authorized by
> this chapter [18 U.S.C. §§ 2510, *et seq.*] any information
> concerning a wire, oral, or electronic communication, or
> evidence derived therefrom intercepted in accordance with
> the provisions of this chapter may disclose the contents
> of that communication or such derivative evidence while
> giving  testimony  under  oath  or  affirmation  in  any
> proceeding held under the authority of the United States
> or of any State or political subdivision.

18 U.S.C. § 2517(3).

In their motion for summary judgment, defendants Dr. Levitas

and Behavioral Institute of Atlanta argue they cannot be held

liable because the recordings were legally made.   Alternatively,

defendants Dr. Levitas and Behavioral Institute of Atlanta argue

that if this court finds that the recordings were illegally made,

9

they should not be held liable.    Specifically, defendants Dr.

Levitas and Behavioral Institute of Atlanta argue that they did not

know or have reason to know that the recordings were illegally

made.    Then, defendants Dr. Levitas and Behavioral Institute of

Atlanta argue that 18 U.S.C. § 2517(3) exempts them from liability

regardless of the legality of the recordings.

In response, the plaintiff argues that defendant Dr. Levitas

violated § 2511(1)(d) by intentionally using the contents of the

plaintiff's oral communications when he knew or had reason to know

that the communications were intercepted in violation of the law.

Then, the plaintiff argues that none of the statutory exceptions

insulate defendant Dr. Levitas.

In their reply brief, the defendants argue that the Georgia

Court of Appeals recently decided the legality of the recordings.

In relevant part, the defendants argue:

> However, under the Federal Wiretap Act's plain language,
> Dr. Levitas could not have violated the Act absent an
> "illegally intercepted communication." See 18 U.S.C. §§
> 2511(1)(c) and (d).  As the Georgia Court of Appeals'
> holding in Rutter clarifies that the subject recordings
> were obtained lawfully, there exists no "illegally
> intercepted communication" upon which Mr. Rutter can
> premise his claim.

(Defendant's Reply Brief, at 3 [Doc. No. 168]).

10

While the defendants argue that the Georgia Court of Appeals decided the legality of the recordings under the Federal Wiretap Act, this court concludes that the Georgia Court of Appeals did not render an opinion on the legality of the recordings under the Federal Wiretap Act. Instead, the Georgia Court of Appeals decided whether some of the recordings were admissible in the divorce court proceeding and concluded that defendant Stacey Rutter's conduct did not violate a Georgia state criminal law statute. Because the court concludes that the Georgia Court of Appeals did not decide the legality of the recordings for Federal Wiretap Act purposes, this court must evaluate the legality of the recordings in question under the Federal Wiretap Act.

In this case, the court concludes that this court cannot grant Dr. Levitas' motion for summary judgment on the plaintiff's Federal Wiretap Act claim because there is a dispute in the record regarding whether Dr. Levitas knew or should have known that the recordings in question were obtained illegally. While defendant Dr. Levitas claims ignorance of the Federal Wiretap Act, the law assumes the knowledge of the law. Because a jury could find that defendant Dr. Levitas used, or endeavored to use, the contents of the plaintiff's oral communications, knowing or having reason to know that the information was obtained illegally, the court DENIES

defendant Levitas's motion for summary judgment on the plaintiff's Federal Wiretap Act claim.[3]

In reaching this conclusion, the court also considered the applicability of 18 U.S.C. § 2517.

In their motion for summary judgment, the defendants argued that 18 U.S.C. § 2517(3) provides them with an absolute defense. However, the court notes that 18 U.S.C. § 2520(d) limits defenses to only situations where there was a reason to believe that the underlying wiretap was authorized. As stated above, there is a dispute in the record regarding whether defendant Dr. Levitas knew that the conversations he heard and viewed were obtained contrary to the Federal Wiretap Act. Because of this dispute regarding Dr. Levitas's knowledge of the legality of the recordings in question, the court cannot determine whether the exceptions to the Federal Wiretap Act cited by the defendants are applicable.[4]

_____

[3] Additionally, in a footnote on page 21 of their motion for summary judgment, the defendants argue that they may have a number of constitutional defenses which would bar any Federal Wiretap Act claims against them. However, as the defendants correctly noted, the parties did not seek summary judgment on these constitutional defenses in their current motion.

[4] In reaching this conclusion, the court carefully considered the Eleventh Circuit's clear guidance in Glazner v. Glazner, 347 F.3d 1212 (11th Cir. 2003)(reversing and remanding a district court's granting of summary judgment based on spousal privileges). In Glazner, the Eleventh Circuit held that "[t]he language of Title

12

In their supplemental brief in support of their motion for summary judgment, defendants Dr. Levitas and Behavioral Institute of Atlanta also argue that 18 U.S.C. § 2520(d) provides them with a complete defense.  Citing to 18 U.S.C. § 2520(d), defendants Dr. Levitas and Behavioral Institute of Atlanta argue, "[A] good faith reliance on . . . a legislative authorization[] or a statutory authorization . . . is a complete defense against any civil or criminal action brought under this chapter or any other law." Construing the facts in the light most favorable to the plaintiff, as this court must when evaluating a motion for summary judgment, the court concludes that there is a genuine issue of material fact in dispute regarding whether Dr. Levitas had a "good faith" basis for the disclosing of information learned from what may have been illegally obtained recordings.

### B. Public Disclosure of Private Facts
### Under Georgia Common Law

In Count III, the plaintiff argues that the filing of the March 2011 affidavit constituted the public disclosure of private facts under Georgia common law.

---

III is clear and unambiguous. It makes no distinction between married and unmarried persons or between spouses and strangers." Id. at 1215.

Georgia common law recognizes the tort of public disclosure of private facts ("public disclosure"). See generally Williams v. Coffee County Bank, 308 S.E.2d 430 (Ga. Ct. App. 1983). "[T]here are at least three necessary elements for recovery under this theory: (a) the disclosure of private facts must be a public disclosure; (b) the facts disclosed to the public must be private, secluded or secret facts and not public ones; (c) the matter made public must be offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstance." Id. at 431.

In their motion, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that the plaintiff cannot satisfy the three elements of a tort of public disclosure of a private fact for two reasons. First, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that Dr. Levitas's March 2011 affidavit to the court in the Rutters' divorce proceeding is not a "public disclosure" because it is privileged under Georgia law. Specifically, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that Dr. Levitas believed that he possessed a professional, moral, and legal duty to provide his March 2011 affidavit in the Rutters' divorce proceedings in order to protect the Rutter children's best interest pursuant to O.C.G.A. § 51-5-7(2). Alternatively, defendants Dr. Levitas and Behavioral

14

Institute of Atlanta argue that O.C.G.A. § 51-5-8 deems "privileged" "[a]ll charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged."

Having reviewed the case law addressing O.C.G.A. § 51-5-8, the court agrees with defendants Dr. Levitas and Behavioral Institute of Atlanta and concludes that this privilege is an absolute privilege from liability.  As the defendants correctly note in their motion for summary judgment, the Georgia Court of Appeals has clarified that § 51-5-8's privilege is not strictly limited to "pleading" within the meaning of O.C.G.A. § 9-11-7(a), but rather extends to include all court-filed documents. <u>Williams v. Stepler</u>, 490 S.E.2d 167, 171 (Ga. Ct. App. 1997).  As the defendants also correctly note, Dr. Levitas's March 2011 affidavit is indisputably a court document, therefore, the court concludes that O.C.G.A. § 51-5-8 shields Dr. Levitas from liability for the tort of public disclosure of private information.

### C. Invasion of Privacy under O.C.G.A. § 16-11-62(6)

In Count VII, the plaintiff alleges that defendants Dr. Levitas and Behavioral Institute of Atlanta violated O.C.G.A. § 16-11-62(6).

In relevant part, O.C.G.A. 16-11-62 states:

It shall be unlawful for

> (6) Any person to sell, give, or distribute, without legal authority, to any person or entity any photograph, videotape, or record, or copies thereof, of the activities of another which occur in any private place and out of public view without the consent of all persons observed . . . .

In their motion for summary judgment, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that they are entitled to judgment as a matter of law under O.C.G.A. § 16-11-62. According to the defendants, there is no evidence that Dr. Levitas sold, gave, or distributed the recordings or copies of the recordings of Mr. Rutter to anyone. Additionally, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that Dr. Levitas had legal authority to provide his March 2011 affidavit to the court in the Rutters' divorce proceedings.

In his response, the plaintiff concedes that O.C.G.A. § 16-11-62(6) is not applicable. However, the plaintiff now argues that O.C.G.A. § 16-11-62(1) and (7) or Georgia common law provide alternative bases to hold Dr. Levitas and Behavioral Institute of Atlanta liable under an invasion of privacy theory of liability. However, the plaintiff's argument is unpersuasive because the plaintiff never brought claims under O.C.G.A. § 16-11-62(1) or (7)

16

or Georgia common law against defendant Dr. Levitas and Behavioral Institute of Atlanta. Instead, the plaintiff only brought claims under O.C.G.A. § 16-11-62(6) in his complaint. Because the plaintiff has abandoned his claims based on O.C.G.A. § 16-11-62(6), the court GRANTS the defendants' motion for summary judgment on the plaintiff's O.C.G.A. § 16-11-62(6) claim.[5]

### D. Conspiracy to Commit the Counts Alleged in Counts I, III, and VII

In his complaint, the plaintiff alleges that Dr. Levitas, Behavioral Institute of Atlanta, and other defendants conspired with defendant Stacey Rutter and other defendants to commit the torts and actions alleged in other counts of the complaint.

As set forth above, the court concluded that the plaintiff's Counts III and VII fail to state a claim. Because Counts III and VII fail to state a claim, the plaintiff's claim for conspiracy to commit these claims also fail. Therefore, the court DISMISSES the plaintiff's conspiracy claim to commit Counts III and VII.

Having dismissed the plaintiff's conspiracy claim to commit Counts III and VII, the court turns to whether there is evidence in

---

[5] While the plaintiff seeks to amend his claim for invasion of privacy against defendant Dr. Levitas and Behavioral Institute of Atlanta via his response brief, this practice is not acceptable under the Federal Rules of Civil Procedure.

the record to support the plaintiff's conspiracy to commit the
Federal Wiretap Act claim.   While the plaintiff argues that this
court   should   presuppose   an   agreement   between   Dr.   Levitas,
Behavioral Institute of Atlanta, and the other defendants to commit
a tort or an illegal act by the mere fact that Dr. Levitas viewed
or listened to the recordings in question and then submitted the
affidavit to the divorce court, the court concludes that there is
no evidence that Dr. Levitas, Behavioral Institute of Atlanta, or
other defendants agreed to conspire to commit an illegal act or a
tort.    Therefore, the court DISMISSES the plaintiff's claim for
conspiracy against Dr. Levitas and Behavioral Institute of Atlanta
to the extent that the plaintiff's conspiracy claim is based on the
Federal Wiretap Act.[6]

### D. Punitive Damages Under O.C.G.A. § 51-12-5.1

In Count X, the plaintiff seeks punitive damages against Dr.
Levitas and Behavioral Institute of Atlanta pursuant to O.C.G.A. §

---

[6] In the plaintiff's sur-reply brief, the plaintiff argues
that defendants Dr. Levitas and Behavioral Institute of Atlanta
misinterpret Georgia's civil conspiracy law.   Specifically, the
plaintiff argues that he need only allege that the defendants
conspired to commit a tort and not an illegal act.   While the court
agrees with the plaintiff that Georgia's civil conspiracy law does
not require proof that the defendants conspired to commit an
illegal act, the plaintiff failed to produce evidence that there
was an agreement among defendants Dr. Levitas, Behavioral Institute
of Atlanta, and the other defendants to conspire to commit a tort.

51-12-5.1. In their motion for summary judgment, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that a claim for punitive damages must be premised upon a meritorious underlying claim. Citing to O.C.G.A. § 51-12-5.1(b), defendants Dr. Levitas and Behavioral Institute of Atlanta argue that the plaintiff would have to show by clear and convincing evidence that "the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." On this point, defendants Dr. Levitas and Behavioral Institute of Atlanta argue that the evidence in the record does not support a finding that Dr. Levitas's actions rose to the requisite level of egregiousness to establish punitive damages.

In response, the plaintiff argues that 18 U.S.C. § 2520(b)(2) specifically allows punitive damages for violations of the Federal Wiretap Act. According to the plaintiff, "there is sufficient evidence from which the jury could conclude that defendant Levitas knowingly violated the Title III prohibitions on the use of intercepted communications." (Plaintiff's Response Brief, at 23 [Doc. No. 153].) Given this fact, the plaintiff argues that the jury could decide to award punitive damages. The court agrees. As the court stated above, there is a question of fact in dispute in

19

the record regarding Dr. Levitas's knowledge regarding the legality

of the recordings which prevents this court from granting summary

judgment on the plaintiff's Federal Wiretap Act claim.  Because a

jury may conclude that Dr. Levitas knowingly violated the Federal

Wiretap Act, the court concludes that a jury may also award

punitive damages for such a knowing violation of the Federal

Wiretap Act.

## IV. Conclusion

For the above reasons, the court GRANTS in part and DENIES in

part the converted motion for summary judgment filed by defendants

Dr. Levitas and Behavioral Institute of Atlanta [Doc. No. 71].  As

set forth above, the court GRANTS the converted motion for summary

judgment to the extent that the motion sought the dismissal of the

Federal Wiretap Act claim based on 18 U.S.C. § 2511(1)(a).  Because

questions of fact remain in dispute regarding whether defendant Dr.

Levitas and Behavioral Institute of Atlanta committed violations of

18 U.S.C. §§ 2511(c) and (d), the court DENIES the motion for

summary judgment to the extent that the defendants sought dismissal

of the plaintiff's 18 U.S.C. §§ 2511(c) and (d) claims.

Furthermore, to the extent that the plaintiff's claims for punitive

damages are  based on violations of 18 U.S.C. §§ 2511 (c) and(d),

the court DENIES defendants Dr. Levitas and Behavioral Institute of

20

Atlanta's motion for summary judgment. To the extent that defendants Dr. Levitas and Behavioral Institute of Atlanta sought dismissal of the plaintiff's claim for public disclosure of private facts under O.C.G.A. § 16-11-6(6) and conspiracy to commit the counts alleged in Counts I, III, and VII, the court GRANTS summary judgment on these counts.[7]   Finally, the court notes that the plaintiff abandoned Count IX of his complaint.

SO ORDERED, this **20ᵀᴴ** day of September, 2012.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[7] The court notes the plaintiff attempted to amend his complaint improperly to bring a claim based on O.C.G.A. § 16-11-62(1) and (7) and Georgia's common law invasion of privacy law. Because these theories were not in the body of the plaintiff's complaint, the court will not allow the plaintiff to insert new and novel theories of liability in his response and sur-reply briefs.